

# NUMBER 13-26-00357-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**BEVERLY KELLY,** **Appellant,**

**v.**

**ELON MUSK,** **Appellee.**

## ON APPEAL FROM THE 107TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron**
**Memorandum Opinion by Justice Silva**

This cause is before the Court on its own motion. On May 1, 2026, appellant Beverly Kelly filed a pro se notice of appeal attempting to appeal "findings, conclusions, or recommendations which were made by the Judge Robert Garza at a hearing on February 12, 2026" in trial court cause number 2025-DCL-02677-A. We construe the notice as attempting to appeal the trial court's order denying default judgment entered on March 4, 2026.

On May 5, 2026, the Clerk of the Court notified appellant that the notice of appeal was not timely filed. The Clerk further notified appellant that if the defect is not cured within ten days from the date of the notice, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). The Clerk of the Court further notified appellant that her notice of appeal failed to comply with Texas Rules of Appellate Procedure 9.5(e) and 25.1(d) and requested correction of these defects within thirty days. *See id.* R. 9.5(e), 25.1(d).

Appellant has neither cured the late defect nor filed a corrected notice of appeal. We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.). It is this Court's opinion that the notice of appeal was untimely filed in this cause.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). We also dismiss appellant's motion to appear remotely for want of jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
25th day of June, 2026.

2